Keith BAYNE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3392.

Court of Appeals of Alaska.

Nov. 2, 1990.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, John B. Salemi, Public Defender, Anchorage, for appellant.

Marlin D. Smith, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

OPINION

COATS, Judge.

Keith Bayne was convicted, based upon his pleas of no contest, of two counts of misconduct involving a controlled substance in the fourth degree, a class C felony. AS 11.71.040(a)(2). Bayne was convicted for selling five ounces of marijuana to a state confidential informant for $1,250, and for possession of five ounces of marijuana with the intent to deliver. The state established that Bayne was involved in an extensive wholesale and retail business of

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

selling marijuana in Barrow and the villages surrounding Barrow.

Bayne had previously been convicted in 1983 for possessing large quantities of marijuana for purposes of sale, and for possessing large quantities of cocaine for purposes of sale. Bayne was sentenced on these former charges to four years of imprisonment for possession of cocaine for purposes of sale, and to a suspended imposition of sentence for a period of five years for possession of marijuana for purposes of sale. Bayne had been released from jail for approximately one year before he committed his current offenses.

Superior Court Judge Charles R. Tunley originally sentenced Bayne to four years of imprisonment for each count of misconduct involving a controlled substance in the fourth degree, and imposed the sentences consecutively. Thus, Bayne's composite sentence was eight years of imprisonment. Following that sentence, Superior Court Judge Michael I. Jeffery revoked Bayne's probation on his prior offenses. Judge Jeffery imposed a sentence of five years on the previous conviction, with two of the years concurrent with Judge Tunley's sentence and three of the years consecutive. Thus, Bayne's total composite sentence was eleven years of imprisonment.

Bayne appealed to this court. In *Bayne v. State*, Memorandum Opinion and Judgment, No. 1871 (Alaska App. September 13, 1989), we concluded that Judge Tunley erred in sentencing Bayne as a third felony offender. We remanded to Judge Tunley for resentencing of Bayne as a second felony offender. On remand, Judge Tunley imposed an aggravated presumptive sentence of three years of imprisonment on each count of misconduct involving a controlled substance in the fourth degree. Judge Tunley imposed these sentences consecutively. This sentence is also consecutive to three years of the five-year sentence which Judge Jeffery imposed on the probation revocation. Thus, Bayne faces a composite sentence of nine years of imprisonment on all of his convictions. Bayne appeals this sentence to this court. We reverse.

## THE REVOCATION

In *Lausterer v. State*, 693 P.2d 887 (Alaska App.1985), we reviewed a sentence for a first felony offender convicted of selling substantial amounts of cocaine. We concluded that while Lausterer might not be a "titan of the narcotics industry," he was involved in selling large quantities of cocaine. *Id.* at 891. Bayne, like Lausterer, had a negligible prior criminal record at the time of his first offense. *Id.* at 889. In *Lausterer*, we found that despite the fact that this was Lausterer's first felony offense, a sentence of six years with two years suspended was not clearly mistaken. In *Stuart v. State*, 698 P.2d 1218 (Alaska App.1985), we dealt with an offender who was similar to Lausterer. We indicated that Lausterer and Stuart "fell into the most serious category of drug dealers, those who engaged in smuggling or sale of large quantities of narcotics or possession of large quantities for sale." *Id.* at 1223. Stuart had no prior criminal record. *Id.* at 1224. We held that Stuart's sentence should not exceed the six years with two years suspended which we upheld in *Lausterer*.

It appears to us that Bayne's first offense is similar to that of Stuart and Lausterer. Therefore, his original sentence should not have exceeded six years with two years suspended. In the event he were revoked for a violation of his probation, Bayne's original sentence and his revocation should not have exceeded a total of six years of imprisonment: the equivalent of the presumptive sentence for a third-felony offender convicted of a class B felony. AS 12.55.125(d)(2).

Bayne's original sentence on his first felony offenses was four years of imprisonment for possession of cocaine for purposes of sale and a suspended imposition of sentence for a period of five years for possession of marijuana for purposes of sale. *See Bayne*, Memorandum Opinion and Judgment, No. 1871. It appears that Bayne has served his four year sentence for possession of cocaine for purposes of sale. Assuming this is correct, on revoca-

tion Judge Jeffery should only have been able to sentence Bayne to an additional two years of imprisonment. We remand to Judge Jeffery to modify the revocation in conformity with this opinion.

## THE MARIJUANA OFFENSES

■ Bayne was convicted of two counts of misconduct involving a controlled substance in the fourth degree, a class C felony. A class C felony is punishable by a maximum sentence of five years. AS 12.-55.125(e). The legislature has established a presumptive sentence of two years for a second-felony offender, three years for a third-felony offender. *Id.* Judge Tunley properly found that this case was aggravated, particularly since Bayne was on felony probation at the time that he committed the current offenses, and his prior conviction was for a more serious class of felony offense.[1] However, we do not believe that Judge Tunley could properly impose a sentence greater than five years, the maximum sentence for a class C felony. In *Stuart v. State*, 698 P.2d at 1224, we stated that the trial court should not base sentencing on the number of counts for sale of drugs for which the defendant was being sentenced. We pointed out that in the context of an ongoing drug business, "multiple charges serve only to validate the conclusion that the person making the sales is involved in the commercial distribution of [drugs] and to establish the scope of the illegal enterprise." We further stated that:

When a person is engaged in an ongoing commercial drug business, and multiple convictions involved the same parties, the same type of drug, and a short period of time, we see little justification in imposing a greater sentence in those cases where it elects to charge multiple counts than where it elects to proceed on a single count. In both cases, the evidence at sentencing will be essentially the same.

*Id.*

Although we believe that Judge Tunley could properly classify Bayne as a worst offender based upon the fact that he chose to become involved in a major drug selling operation while on probation on his former felony charge, we do not believe that the court should have sentenced Bayne to greater than the maximum sentence for a class C felony. We accordingly conclude that the sentence which Judge Tunley imposed was clearly mistaken. We direct the trial court to impose a composite sentence on Bayne's convictions for misconduct involving a controlled substance in the fourth degree is not to exceed five years of imprisonment, including any suspended time.

The sentence is REVERSED.

---

**1.** Judge Tunley found the following aggravating and mitigating factors: AS 12.55.155(c)(7), "a prior felony conviction considered for the purposes of invoking the presumptive terms of this chapter was of a more serious class of offense than the present offense;" (c)(17), "the offense was one of a continuing series of criminal offenses committed in furtherance of illegal business activities from which the defendant derives a major portion of the defendant's income;" (c)(20), "the defendant was ... on parole or probation for another felony charge or convic-

tion ...;" (c)(23), "the defendant is convicted of an offense ... [involving] the delivery of a controlled substance under circumstances manifesting an intent to distribute the substance as part of a commercial enterprise; (c)(24), "the defendant is convicted of an offense ... [which] involved the transportation of controlled substances into the state ...;" and (d)(14), "the defendant is convicted of an offense ... [which] involved small quantities of a controlled substance."